UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUISA ALONZO BAEZ, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>MARISCOS RAMIREZ, INC. d/b/a MARISCO CENTRO, and ZOLIO RAMIREZ a/k/a CHELO RAMIREZ, individually, and RADAME ABREU a/k/a ROY ABREU, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

LUISA ALONZO BAEZ ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against MARISCOS RAMIREZ, INC. d/b/a MARISCO CENTRO ("Mariscos Centro"), and ZOLIO RAMIREZ a/k/a CHELO RAMIREZ, individually ("Ramirez"), and RADAME ABREU a/k/a ROY ABREU, individually ("Abreu"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the minimum wage provisions of the New York Labor Law ("NYLL"), NYLL § 652(1), N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.2; (ii) the overtime provisions of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 207(a); (iii) the overtime provisions of the NYLL, NYLL § 160, 12 NYCRR § 146-1.4.; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); (vi) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (vii) an anti-retaliation provision of the NYLL, NYLL § 215(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.   Plaintiff worked for Defendants - - a New York corporation that operates a Manhattan restaurant and its two owners and day-to-day overseers - - as a server from in or around October 2021 to May 9, 2023. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the minimum wages due under the NYLL, or the overtime wages due under the FLSA and the NYLL, due to the combination of an improperly claimed tip credit and an unlawful automatic meal break deduction policy. Specifically, throughout her employment, Defendants were not permitted to claim a tip credit against Plaintiff's wages due to Defendants' failure to provide proper notice of their intention to do so, as well as their requiring Plaintiff to spend more than twenty percent of her shift and/or more than two hours a day performing non-tipped side work. Notwithstanding their ineligibility to claim a tip credit, Defendants did so anyway. Moreover, Defendants automatically deducted thirty minutes each shift from Plaintiff's hours worked for a meal break, despite not permitting Plaintiff to take an uninterrupted meal break. As a result, Defendants paid Plaintiff at the tipped minimum wage, which was obviously below the non-tipped minimum wage rate that New York law requires, for all hours that Plaintiff worked, even those hours that she worked in a week over forty, with the

exception of the hours that Defendants automatically deducted as breaks, for which Defendants paid Plaintiff nothing.

3. Defendants further violated the NYLL by failing to furnish Plaintiff with an accurate wage statement on each payday or with any wage notice at the time of her hire, let alone an accurate one.

4. Defendants paid and treated all of their non-managerial tipped employees, such as servers, runners, bussers, bartenders, barbacks, delivery persons, and hosts, in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA's overtime provisions. Plaintiff brings her wage claims under the NYLL and the NYCRR on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL and NYCRR limitations period who worked for Defendants in New York and who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

7. Lastly, in further violation of the FLSA and the NYLL, after Plaintiff complained to Defendants about Defendants' failure to pay her for all of the hours that she worked each week, Defendants retaliated by terminating Plaintiff's employment three days later. Plaintiff pursues her retaliation claims on an individual basis only.

**JURISDICTION AND VENUE**

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant Mariscos Centro was and is a New York corporation with its principal place of business and an address for service of process located at 1490 St. Nicholas Avenue, New York, New York 10033.

12. At all relevant times herein, Defendant Ramirez was and is an owner and executive chef of Defendant Mariscos Centro and Defendant Abreu was and is an owner of the entity. Defendants Ramirez and Abreu, in these roles, together managed and oversaw, and continue to manage and oversee, the day-to-day operations of the business, and while also delegating these powers to their managers and supervisors, were and are ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay, determining employees' work schedules, and maintaining employees' employment records, including those matters with respect to Plaintiff.

13. At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant Mariscos

4

Centro's qualifying annual business revenue exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and have operated a business that purchases numerous products that have moved across state lines, such as vegetables, meats, fish, spices, and general goods. Defendants also accept payments in cash that naturally moves across state lines, as well credit cards that are processed by out-of-state banking companies. The combination of all of these factors subjects Defendants to the FLSA's overtime and anti-retaliation requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial tipped employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as servers, runners, bussers, bartenders, barbacks, delivery persons, or hosts, or who worked in a similar position, and who consent to file a claim to recover overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

5

16. At all relevant times herein, Defendants were aware of the requirement to pay their non-managerial tipped employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged numerous complaints to Defendant Abreu that Defendants were not paying her for her overtime hours worked in accordance with the law, but Defendants continued not to pay Plaintiff her proper overtime compensation for her hours worked over forty in a week.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

>Current and former non-managerial tipped employees, such as servers, runners, bussers, bartenders, barbacks, delivery persons, or hosts, or those working in a similar position, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

21. During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

22. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants failed to provide Rule 23 Plaintiffs with proper written notice at hire of their intention to claim a tip credit against their wages; (3) whether Defendants required and require each Rule 23 Plaintiff to spend more than twenty percent of their shifts and/or more than two hours a day performing non-tipped side work; (4) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked; (5) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (6) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per week over forty; (7) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (8) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage notice at the time of hire that contains the

information that NYLL § 195(1) requires; (9) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (11) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial tipped employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, yet Defendants have routinely failed to pay them at least at the statutorily-required minimum wage rate for all hours worked, at the statutorily-required rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked in excess of forty in a week, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the proper minimum wage rate for all hours worked and at the rate of one and one-half times their regular rates or one and one-half times the minimum wage rate, if greater, for all hours worked per week in excess of forty, to be furnished with an accurate wage statement on each payday, and to be furnished with an accurate wage notice at their time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff

and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

24. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff at the proper minimum wage for all of her hours worked, did not pay Plaintiff proper overtime pay for all of her hours worked over forty in a week, did not furnish her with an accurate wage statement on each payday, and did not furnish her with an accurate wage notice upon hire, which is substantially-similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for her testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to her. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any non-managerial tipped employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee

for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

29. Defendant Marisco Centro is a New York cooperation that operates a Dominican-style restaurant specializing in seafood, which is known to the public as "Marisco Centro," and which is located at 1490 St. Nicholas Avenue in Manhattan.

30. Defendants Ramirez and Abreu are Marisco Centro's co-owners, who together oversee the daily operations of the restaurant and who exercise (and also delegate to their managers and supervisors) control of the terms and conditions of employment for all of its employees, including Plaintiff.

31. Plaintiff worked for Defendants as a server from in or around October 2021 to May 9, 2023.

32. At no point during Plaintiff's employment, either at the time of her hire or at any time thereafter, did Defendants provide Plaintiff with notice, either in writing or verbally, of their intention to claim a tip credit against Plaintiff's wages.

33. As a server, Defendants required Plaintiff to perform non-tip producing work for more than twenty percent of her working time, and/or more than two hours a day, including pre-shift side work, running side work, and closing side work. These duties included, but were not limited to: (1) sweeping the restaurant; (2) setting up and cleaning the bar area; (3) setting up the tables and chairs; (4) cleaning the tables and chairs; (5) setting up televisions; (6) throwing out garbage; and (7) performing cashier duties.

34. From the beginning of her employment until April 2, 2023, Defendants required Plaintiff to work, and Plaintiff did work, four days per week, Thursdays through Sundays, from 12:00 p.m. to 7:00 p.m., without a scheduled or interrupted break during her shift, for a total of twenty-eight hours per week. From April 3, 2023, through the termination of her employment, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, Mondays through Thursdays and Saturdays and Sundays, from 12:00 p.m. to 7:00 p.m., without a scheduled or interrupted break during her shift, for a total of forty-two hours per week.

35. Throughout her employment, Defendants automatically deducted thirty minutes from Plaintiff's hours worked each shift for a meal break, but Plaintiff was not able to take an uninterrupted break during her shift, and Defendants did not pay Plaintiff at all for this time.

36. Throughout her employment, Defendants paid Plaintiff at the rate of $10.00 per hour for all hours of work that they actually paid her for, meaning all hours of work with the exception of the time that they automatically deducted for the breaks that they did not permit Plaintiff to take.

37. By way of example only, for the week of April 17 through April 23, 2023, Defendants required Plaintiff to work, and Plaintiff did work, a total of forty-two hours, according to the following schedule, without a scheduled or interrupted break during any shift, as follows:

      Monday, April 17, 2023: 12:00 p.m. to 7:00 p.m.;

      Tuesday, April 18, 2023: 12:00 p.m. to 7:00 p.m.;

      Wednesday, April 19, 2023: 12:00 p.m. to 7:00 p.m.;

      Thursday, April 20, 2023: 12:00 p.m. to 7:00 p.m.;

      Friday, April 21, 2023: off;

      Saturday, April 22, 2023: 12:00 p.m. to 7:00 p.m.; and

11

Sunday, April 23, 2023: 12:00 p.m. to 7:00 p.m.

In exchange for her work that week, Defendants paid Plaintiff at the rate of $10 per hour for thirty-nine hours of work and nothing for the remaining three hours of work that they automatically deducted for the breaks that Plaintiff was not permitted to take.

38. Defendants paid Plaintiff on a weekly basis.

39. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked, the tip credit claimed for each hour worked, her proper regular and overtime rates, and her proper overtime wages owed.

40. Additionally, at the time of her hire, Defendants failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed or whether Defendants would be claiming a tip credit against Plaintiff's wages; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

41. Defendants' failure to provide Plaintiff with a proper wage statement or wage notice deprived Plaintiff of the ability to know exactly how much compensation she was entitled to and resulted in the underpayment of wages as asserted herein.

42. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

43. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

45. Making matters significantly worse, on or about May 6, 2023, Plaintiff complained to Defendants about not being properly compensated for all of the hours that she worked each week, including those hours that she worked in a week over forty. Just three days later, on May 9, 2023, Defendants retaliated by terminating Plaintiff's employment.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

46. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

48. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

49. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

50. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the

NYLL's and the NYCRR's minimum wage provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

52. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

55. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

56. Defendants willfully violated the FLSA.

57. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

61. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

62. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

67. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained the criteria that the NYLL requires.

68. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

71. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained the criteria that the NYLL requires.

72. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA*

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. 29 U.S.C. § 215(a)(3) prohibits any person from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

75. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

76. As also described above, after Plaintiff engaged in activity protected under the FLSA, Defendants retaliated by terminating Plaintiff's employment.

77. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which she is entitled to an award of monetary damages and other relief.

78. Plaintiff is also entitled to compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. NYLL § 215(1)(a) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has lodged any complaint relating to an employer's violation of the NYLL.

81. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

82. As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendants retaliated by terminating Plaintiff's employment.

83. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

84. Plaintiff is entitled to compensatory damages, punitive damages, liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

85. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of her claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

86. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

    d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

    f. Designation of Plaintiff and her counsel as collective/class action representatives under the FLSA and the FRCP;

    g. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

    h. Granting Plaintiff all damages that she has sustained as a result of Defendants' retaliatory conduct, including general and special damages for past and future lost compensation and benefits that she would have received but for Defendants' conduct, including but not limited to back pay and front pay, whether legal or equitable in nature;

    i. Granting Plaintiff all damages to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that she would have received but for Defendants' conduct, and any other out-of-pocket losses that Plaintiff has incurred or will incur;

    j. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

k. Granting an award of punitive damages, to the extent permitted by law, commensurate with Defendants' ability to pay, in connection with Plaintiff's retaliation claims;

l. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

m. Pre-judgment and post-judgment interest, as provided by law; and

n. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
August 7, 2023

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
TENZIN TASHI (5651377)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)